FILED
2018 MAR 27 PM 2:56
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEANNE SPARLIN,
        Plaintiff,

-vs-                                                  Case No. A-17-CA-995-SS

STATE FARM LLOYDS and DALE MAREK,
        Defendants.

## **ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Jeanne Sparlin's Motion to Remand [#11] and Defendants State Farm Lloyds (State Farm) and Dale Marek (collectively Defendants)' Response [#12] in opposition. Having considered the documents, the governing law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff is a Texas citizen and the named insured on two insurance policies issued by State Farm (the Policies). Removal Notice [#1-3] Ex. A (Pet.) ¶ 9. The Policies cover Plaintiff's real properties located at 619 Luther Dr. and 615 Luther Dr. Georgetown, Texas (the Properties). *Id.* ¶ 10. State Farm is an unincorporated association whose underwriters are all citizens of the State of Illinois. Removal Notice[ #1] ¶ 5. Mr. Marek, a citizen of Texas, is an insurance adjuster. *Id.* ¶ 6.

On December 27, 2015, a hail and wind storm allegedly caused damage to the Properties. Pet. ¶ 11. Plaintiff submitted a claim to State Farm for the damage, which included replacement of a roof.



*Id.* ¶ 12. State Farm assigned Mr. Marek to adjust the claim, and Mr. Marek inspected the Properties and adjusted Plaintiff's claim on State Farm's behalf. *Id.* ¶ 13.

On August 22, 2017, Plaintiff filed suit in Texas state court. Removal Notice ¶ 2. Plaintiff alleges Mr. Marek violated Texas Insurance Code § 541.060 when he improperly evaluated the Properties, failed to include the true cost of repairing the Properties in his adjustment, used his own statements about the non-severity of damage to the Properties as a basis for denying coverage, and failed to provide an adequate explanation for the compensation Plaintiff received. Pet. at ¶¶ 33–36. In addition, Plaintiff alleges State Farm failed to review the adjustment and improperly denied coverage for the full extent of the Property's damages. *Id.* ¶¶ 16–28. As a result, Plaintiff contends State Farm wrongfully denied his claim, breached the insurance contract, violated multiple sections of the Texas Insurance Code, and breached its duty of good faith and fair dealing. *Id.* ¶¶ 42–53.

State Farm removed the case to this Court, arguing the Court possesses diversity jurisdiction. According to State Farm, Mr. Marek was improperly joined because Plaintiff failed to state a reasonable basis for recovering against Mr. Marek. Plaintiff filed a motion for remand, which is ripe for a decision.

## Analysis

### I. Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* Any doubts or ambiguities regarding the propriety of removal are construed against removal and in favor

of remand to the state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, State Farm invoked federal court diversity jurisdiction under 28 U.S.C. § 1332(a).

District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Parties upon whose citizenship diversity jurisdiction is grounded must be real and substantial parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Thus, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Id.*; *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016).

## II. Application

The parties dispute whether Mr. Marek, who is a nondiverse defendant, is properly joined. If Mr. Marek is improperly joined, then this Court has subject matter jurisdiction.

A nondiverse defendant is improperly joined if "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis in original). Because it is undisputed Mr. Marek is nondiverse, only the latter option is relevant. *See id.*

When deciding whether a nondiverse defendant has been improperly joined because the plaintiff failed to state a claim against him, the court may conduct a Rule 12(b)(6)–type analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to

relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted) (alternation in original). In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Here, Plaintiff asserts Texas Insurance Code claims against Mr. Marek for his activities as an adjuster concerning the Properties. Under Texas law, an adjuster can be liable for Texas Insurance Code violations. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("To be liable under the Texas Insurance Code, one must be 'in the business of insurance.'" (quoting TEX. INS. CODE § 541.002)); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) ("The business of insurance includes the investigation and adjustment of claims and losses."). Moreover, "several courts . . . have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under [Texas Insurance] Code § 541.060(a)(2) because the adjuster has the ability to effect or bring about the settlement of the claim." *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, No. 3:17-CV-1894-M, 2017 WL 4548319, at *3 (N.D. Tex. Oct. 12, 2017) (collecting cases).

As result, the only issue before this Court is whether Plaintiff's petition alleges facts stating a claim against Mr. Marek. If Plaintiff's petition properly asserts a claim against Mr. Marek, then Mr. Marek was properly joined and the Court must remand the case for lack of subject matter

jurisdiction. If the petition fails to establish a claim against Mr. Marek, then he was not properly joined and the Court has diversity jurisdiction.

Plaintiff's petition includes allegations Mr. Marek "failed to include obvious hail damage to parts of the roof and exterior of the dwelling in his report." Pet. ¶ 14. Plaintiff also claims Mr. Marek's "outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Properties and . . . damages [to be] severely underestimated." *Id.* ¶ 33. Furthermore, Plaintiff alleges Mr. Marek and State Farm "misrepresented to Plaintiff that the damage to the Properties was not covered under the Polic[ies], even though the damage was caused by a covered occurrence." *Id.* ¶ 20. Resting on these factual allegations, Plaintiff contends Mr. Marek and State Farm violated Texas Insurance Code § 541.060 by "(1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than in fact they were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received." *Id.* ¶ 36.

These allegations are enough to state a plausible claim for relief against Mr. Marek. Plaintiff offers specific facts and more than mere conclusory allegations indicating Mr. Marek could be liable under the Texas Insurance Code. *See Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016) (finding the plaintiff sufficiently alleged Texas Insurance Code violations against an adjuster where plaintiff alleged adjuster conducted an inadequate inspection and provided an unfair adjustment). Thus, Mr. Marek was not improperly joined.

## Conclusion

Because Mr. Marek was properly joined, his citizenship destroys diversity jurisdiction and requires the Court to remand this case.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff Jeanne Sparlin's Motion to Remand [#11] is GRANTED; and

IT IS FINALLY ORDERED that the Clerk shall REMAND the above-styled cause to the 425th Judicial District Court of Williamson County, Texas, for further proceedings.

SIGNED this the 27th day of March 2018.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE